IN THE UNITED STATES BANKRUPTCY COURT
Northern District of Ohio

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | Case No. 14-32433 |
| Marliene Frances Smith | } | |
| | } | Chapter 7 |
| | } | |
| Debtor. | } | Judge Whipple |

**RESPONSE TO DEBTOR'S MOTION TO REOPEN CASE**

Now comes Benjamin A. Randall, offers this statement for the Court's consideration upon Debtor Marliene Frances Smith's Motion to Reopen Case.

<u>Recital</u>

On February 11, 2015, the Debtor, Marliene Smith filed an action for monetary damages in the Toledo Municipal Court, Small Claims Division, against myself, for professional malpractice with respect to her bankruptcy case. The case was heard by the Magistrate on March 19, 2015. Under Rule 1.6(b) of the Ohio Rules of Professional Conduct, the Debtor has waived her right of confidentiality by bringing the suit, as it was necessary for me to defend myself from the Debtor's allegations. All of the statements herein were related to the Municipal Court under oath and are/or a matter of public record.

On July 1, 2014, the Debtor filed for protection under chapter 7 of the Bankruptcy Code. I acted as her attorney for this filing. The Debtor is of limited means. At the time of filing she was receiving $1,022 per month in Social Security benefits, and $290.26 from a pension. As such, I was able to successfully petition the Court for a waiver of her filing fee. I received $500 in compensation as her attorney.

The Debtor had two secured debts at the time of filing: She was a co-signer on a lease for a 2014 Dodge Charger which her son is driving and making the payments on. She also has a mortgage

on her personal residence with PNC Bank which at the time of filing was $24,264.69. When the Debtor filed her petition, we discussed these debts. My counsel to the Debtor at the time was that she not reaffirm on the lease as it was her son's car and he was making the payments. At the time of filing, she agreed with this as the best course of action. We also discussed the secured loan on her residence. At the time of filing, the Debtor was undecided as to whether to reaffirm or not, as the loan amount was greater than the value of the house. I related to the Debtor that whether she reaffirmed on this debt or not, she could stay in the home as long as she continued making her payments to the bank.

On July 17, 2014, I received an email from PNC Bank asking what the Debtor's intention with the equity loan was. On July 21, 2014, after consultation with the Debtor, I responded to PNC Bank, letting them know she intended to reaffirm the debt. No further communication was received by me from PNC Bank; I never received a reaffirmation agreement from them. As the Court is surely aware, there is no statutory authority available to a Debtor to force a secured creditor into a reaffirmation agreement.

On August 2, 2014, I received from Chrysler Capital a reaffirmation agreement for the Dodge Charger. (Exhibit 1) As the Debtor had decided not to reaffirm this debt, I did not have her execute the agreement. The reaffirmation agreement indicated that the amount outstanding on the lease at the time of filing was $11,055.01 and the amount to be paid under the reaffirmation agreement was $10,341.55. This implies a monthly payment of $731.46. Under no circumstances would I have either recommend to the Debtor to reaffirm this debt or to affirm to the Court that I felt reaffirming this debt would be in the Debtor's best interest. In addition, the reaffirmation agreement was deficient in that the repayment terms were not specified.

The Debtor received her discharge on October 22, 2014. In January of 2015, I started receiving phone calls from the Debtor complaining that neither PNC Bank nor Chrysler were sending her payment statements. I told her that that was not unusual, and that if she asked them, they might start sending them. Alternatively, she could just make her equity loan payments as she normally

did.  In fact, I told the Debtor at the time of filing that she should continue making her payments to PNC during the pendency of the bankruptcy, and counsel her son to also continue the payments on the car.   She indicated to me that she talked to someone at Chrysler Capital and they told her that she would not receive payment statements unless she filed a reaffirmation agreement and that her attorney had to reopen the case to effect the reaffirmation agreement.  I explained to the Debtor that she could not now file a reaffirmation agreement as she had already received a discharge.   We had this conversation several times.   I stopped responding to the Debtor's voicemails after her messages became vitriolic and abusive.

In response to my silence, the Debtor filed the aforementioned civil case in Small Claims Court. The decision of the magistrate was in my favor.   The Debtor filed an objection to the Magistrate's Decision on  March 31, 2015, stating that she objection to the Magistrate's Decision because she had to hire another attorney to "finish the job."  No evidence of the hiring of another attorney was presented at the trial.  The Debtor's objections were overruled and the final decision was in my favor.

Conclusion

The above recital is offered to the Court for consideration in it's decision.  It is presented because the Debtor's recital impugns my professional reputation and because her petition to reopen her case contains inaccuracies.

    /s/Benjamin A. Randall
    Benjamin A. Randall (0072436)
    Attorney for Debtor
    448 W. Woodruff Ave.
    Toledo, Ohio 43604
    419-243-5308 ph.
    benjrandall@gmail.com

## CERTIFICATE OF SERVICE

I certify that on May 4, 2015 a copy of the foregoing was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Douglas Dymarkowski, chapter 7 trustee, at: doug.dadlaw@bex.net

Lafe Tolliver on behalf of Debtor Marliene Frances Smith at Tolliver@Juno.com

/s/Benjamin A. Randall

Exhibit 1

B27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

In re <u>Marliene Frances Smith</u>, Case No. <u>14-32433</u>
          Debtor(s)     Chapter <u>7</u>

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: <u>Santander Consumer USA Inc. dba Chrysler Capital as servicer for CCAP Auto Lease Ltd.</u>

2. Amount of the debt subject to this reaffirmation agreement:
<u>$11,055.01</u> on the date of bankruptcy plus all amounts due under the Lease at the termination of the Lease.
<u>$10,341.55</u> to be paid under reaffirmation agreement plus all amounts due under the Lease at the termination of the Lease.

3. Annual percentage rate of interest: <u>N/A</u> prior to bankruptcy
<u>N/A</u> under reaffirmation agreement ( <u>x</u> Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $<u> * </u> per month for <u> * </u> months
**\*See Reaffirmation Agreement for Terms**

5. Collateral, if any, securing the debt: Current market value: <u>$29,295.00</u>
Description: <u>Leased 2014 Dodge Charger</u>

6. Does the creditor assert that the debt is nondischargeable? ____ Yes <u>x</u> No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

<u>Debtor's Schedule I and J Entries</u>     <u>Debtor's Income and Expenses</u>
                                                    <u>as Stated on Reaffirmation Agreement</u>

7A. Total monthly income from _____    7B. Monthly income from all $_____
     Schedule I, line 12                                  sources after payroll deductions

8A. Total monthly expenses _____    8B. Monthly expenses $_____
     from Schedule J, line 22

9A. Total monthly payments on $_____    9B. Total monthly payments on $_____
     reaffirmed debts not listed on                        reaffirmed debts not included in
     Schedule J                                           monthly expenses

                                                               10B. Net monthly income $_____
                                                               (Subtract sum of lines 8B and 9B from
                                                               line 7B. If total is less than zero, put the
                                                               number in brackets.)

11. Explain with specificity any difference between the income amounts (7A and 7B):

12. Explain with specificity any difference between the expense amounts (8A and 8B):

If line 11 or 12 is completed, the undersigned debtor, and join debtor if applicable, certifies that any explanation contained on those lines is true and correct

_____  _____
Signature of Debtor (only required if   Signature of Joint Debtor (if applicable,
line 11 or 12 is completed)             and only if line 11 or 12 is completed)

Other Information

[ ]   Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?   _____ Yes   _____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?   _____ Yes   _____ No

**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

_____
Print/Type Name & Signer's Relation to Case

☐ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

In re:  
Marliene Frances Smith,  
       Debtor(s)

Case No. 14-32433  
Chapter 7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☐ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 – 5)

☐ Part B: Reaffirmation Agreement

☐ Part C: Certification by Debtor's Attorney

☐ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☐ Part E: Motion for Court Approval

*[**Note:** Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

      **Name of Creditor:** <u>Santander Consumer USA Inc. dba Chrysler Capital as servicer for CCAP Auto Lease Ltd.</u>

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

**PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR**

    1.    **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
    This Summary is made pursuant to the requirements of the Bankruptcy Code.

**DATE OF DISCLOSURE STATEMENT: 08/19/2014**

<u>**AMOUNT REAFFIRMED**</u>

    The amount of debt you have agreed to reaffirm:     $10,341.55 *

    <u>**\*Plus all amounts due under the Lease at the termination of the Lease.**</u>

    *The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**ANNUAL PERCENTAGE RATE**

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a.   If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in §103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i)  The Annual Percentage Rate disclosed, or that would have been disclosed to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement:  %.

— And/Or —

    (ii)  The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor:  %.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$_____ @ _____\%;  
$_____ @ _____\%;  
$_____ @ _____\%.

    b.   If the debt is an extension of credit other than under an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    **\* No interest rate under the Lease**

(i)  The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed:

— And/Or —

(ii)  The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor:  %.  If different simple interest rates apply to different balances included in the amount reaffirmed,

the amount of each balance and the rate applicable to it are:

$_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

    c.   If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d.   If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| * Leased item: 2014 Dodge Charger | $12,842.28 |

*Optional --- At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $_____ is due on _____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*— Or —*

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the (day) of each _____ (week, month, etc.), unless altered later by mutual agreement in writing.

*— Or —*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

    **Monthly installments in the amount of $356.73 (future payment amount under the Lease may be different) commencing on 9/9/2014 and continuing on the same day of each succeeding month until the end of Lease term plus all amounts due under the Lease at the termination of the Lease.**

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B.

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you are represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you are not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is resumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on you reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT**

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**PART B: REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of the credit agreement: **Lease dated 02/07/2014**

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement: **See Part A: Disclosure Statement for reaffirmed amount and payment terms. Unless otherwise changed in this reaffirmation agreement, I (we) reaffirm all other terms and conditions of the credit agreement. Any changes to the credit agreement contained in this reaffirmation agreement will not be effective if this reaffirmation agreement is rescinded or disapproved by the court.**

**Santander Consumer USA Inc. dba Chrysler Capital as servicer for CCAP Auto Lease Ltd. is willing to have the Lease assumed by Debtor(s) upon such terms as are contained in this reaffirmation agreement. I (we) agree that by signing this reaffirmation agreement, I (we) am providing notification to Santander Consumer USA Inc. dba Chrysler Capital as servicer for CCAP Auto Lease Ltd. that the Lease is assumed by the Debtor pursuant to 11 U.S.C. §365(p)(2)(B).**

SIGNATURE(S):

| Borrower: | Accepted by creditor: |
|---|---|
| | Santander Consumer USA Inc. dba Chrysler Capital as servicer for CCAP Auto Lease Ltd. |
| (Print Name) | (Printed Name of Creditor) |
| | 5201 Rufe Snow Dr., Suite 400 <br> North Richland Hills, TX 76180 |
| (Signature) <br> Date: | (Address of Creditor) |
| Co-borrower, if also reaffirming these debts: | (Signature) |
| (Print Name) | (Printed Name and Title of Individual Signing for Creditor) |
| (Signature) <br> Date: | Date of creditor acceptance: <br> August 20, 2014 |

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, If applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _____

Date: _____

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT.**

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____ and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____ leaving $_____ to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

_____

_____

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____

**PART E: MOTION FOR COURT APPROVAL**
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

**MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT**

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
        (Debtor)


        _____
        (Joint Debtor, if any)


Date: _____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

| In re Marliene Frances Smith, | Case No. 14-32433 |
|---|---|
| Debtor(s) | Debtor Chapter 7 |

**ORDER ON REAFFIRMATION AGREEMENT**

The debtor(s) _____ has (have) filed a motion for approval of
        (Debtor(s))
the reaffirmation agreement dated _____ made between the debtor(s) and
                                  (Date of agreement)
<u>Santander Consumer USA Inc. dba Chrysler Capital as servicer for CCAP Auto Lease Ltd.</u>.
The court held the hearing required by 11 U.S.C. § 524(d)

on notice to the debtor(s) and the creditor on _____.
                                              (Date)

COURT ORDER:   ☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court does not approve the reaffirmation agreement.

BY THE COURT

Date: _____          _____
                                      *United States Bankruptcy Judge*