The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: May 28 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Marliene Frances Smith, | ) | Case No. 14-32433 |
| Debtor(s). | ) ) ) ) ) | Chapter 7<br><br>JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO REOPEN

The court held a hearing on May 21, 2015, on Debtor's Motion to Reopen Chapter 7 Case for the Purpose of Filing Reaffirmation Agreements [Doc. # 16]("Motion"). Debtor and counsel representing her in connection with the Motion appeared at the hearing in person.

Debtor filed her Chapter 7 case on July 1, 2014. She received a Chapter 7 discharge. [Doc. # 12]. The Clerk administratively closed the case on November 18, 2014. [Doc. # 15]. A different lawyer represented Debtor in this case before it was closed. No reaffirmation agreements were filed while the case was open. Her Motion asks the court to reopen the case to file reaffirmation agreements pertaining to a motor vehicle and mortgage debt on her home.

Section 350 of the Bankruptcy Code, 11 U.S.C. § 350, governs case closing and reopening. Under § 350(b), a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." A decision to reopen a case is committed to the sound discretion of the court. *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001). The Motion raises the question whether the court can afford any relief to

Debtor if her case is reopened. For the following reasons, the court finds that it cannot.

Under Rule 4008(a) of the Federal Rules of Bankruptcy Procedure, reaffirmation agreements "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." *But see In re Parker,* 372 B.R. 835 (Bankr. W.D. Tex. 2007)(court holds that Rule 4008 conflicts with the statute and must be disregarded, so the statutory deadline for filing a reaffirmation agreement is any time before discharge). The first date set for the meeting of creditors in this case was August 18, 2014. [Doc. ## 6,7]. The deadline for filing reaffirmation agreements was therefore October 17, 2015. The court then entered Debtor's discharge on October 22, 2015. Neither Debtor nor any of her creditors filed any reaffirmation agreements with the court before the deadline or before her discharge.

Rule 4008(a) also permits the time for filing reaffirmation agreements to be enlarged "at any time." Fed. R. Bankr. P. 4008(a). If the case were reopened, the court would be willing to extend the filing deadline, even now, given the unusual permissive language of Rule 4008(a). Although the filing deadline may be extended "at any time," the Bankruptcy Code still requires reaffirmation agreements to be entered into before a debtor's discharge. *See* 11 U.S.C. § 524(c)(1); *In re Golladay*, 391 B.R. 417, 421 (Bankr. C.D. Ill. 2008); *In re Giglio*, 428 B.R. 397, 401-02 (Bankr. N.D. Ohio 2009).

Because of their effect on dischargeability, reaffirmation agreements interfere with a primary goal of bankruptcy law – that of affording a debtor a fresh start. Such agreements, therefore, are only enforceable if there has been strict compliance with the statutory requirements set forth in Bankruptcy Code § 524(c), 11 U.S.C. § 524(c). *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1067 (9th Cir. 2002); *In re Stewart*, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006). Among the requirements needed to enter into an enforceable reaffirmation agreement, § 524(c)(1) provides, in relevant part:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if–
>
> (1) such agreement was made before the granting of the discharge under section 727,
. . . .

The key language is "made before the granting of the discharge."

In order for an agreement to be "made" within the meaning of § 524(c)(1), the agreement must be executed, which generally means that both the creditor and debtor have signed the agreement. The time of making a reaffirmation agreement is determined from the dates of the signatures, with the parties' agreement

formed on the last date signed. *In re Golladay*, 391 B.R. at 422, n.1. Both the statute and applicable case law make it clear that a reaffirmation agreement not made before the granting of a discharge will be unenforceable. The court cannot waive this statutory requirement. *See Law v. Siegel*, –U.S.–, 134 S.Ct. 1188, 1194-95 (2014)(application of § 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), and principles of equity are constrained by other provisions of the Code); *Childress v. Middleton Arms, L.P. (In re Middleton Arms, Ltd. P'ship)*, 934 F.2d 723, 724 (6th Cir.1991) (court's equitable powers constrained by express provision of the Bankruptcy Code).

In this case, Debtor acknowledges that she did not sign and enter into any reaffirmation agreements with any creditor before her case was closed, which also means that she did not enter into any reaffirmation agreements before her discharge as required by § 524(c)(1) for enforceability. That is what she wants to do now. Rule 4004(c)(2) also provides a vehicle for delaying the entry of discharge at the request of a debtor. Fed. R. Bankr. P. 4004(c)(2). No such request was made in this case. Debtor's discharge was accordingly entered on October 22, 2014, Fed. R. Bankr. P. 4004(c)("In a chapter 7 case, on expiration of the time fixed for objecting to discharge and for filing a motion to dismiss the case...the court shall forthwith grant the discharge..."). [Doc. # 12]. So even though the missed Rule 4008 filing deadline might still be overcome, any reaffirmation agreement executed now between Debtor and any of her secured creditors will not comply with § 524(c)(1) and will not be enforceable, regardless whether the filing deadline is enlarged and the document then filed with the court. On that basis, the court finds that there is no relief that can be afforded to Debtor in reopening her case.

The court has also considered whether this enforceability and timeliness problem could be cured, were the case reopened, if Debtor then asked to have her discharge vacated. As stated in the Motion and vigorously by Debtor and her counsel at the hearing, the Motion relies on principles of equity and fairness as authority for the relief requested in reopening the case. The reasons that Debtor did not enter into any reaffirmation agreements before her case was closed are in dispute. She blames her prior lawyer and her prior lawyer deflects that blame. [Doc. # 18]. Those same grounds and authorities would be relied upon by Debtor as the basis to vacate her discharge.

The court need not decide whether Debtor or her prior lawyer set forth the more accurate description of events in her Chapter 7 case before it was closed. Ultimately, those facts are not relevant to deciding the Motion and would not affect the court's decision on a post-reopening motion to vacate Debtor's discharge.

The court has confronted before in other cases the issue of vacating a discharge to permit the making and filing of enforceable reaffirmation agreements. Notwithstanding the clear equities of other debtors' situations, such as facing the repossession of a motor vehicle that is the sole transportation for a family, and the equities advanced as to Debtor's situation, the court does not find a statutory or other basis to vacate a discharge at the request of a debtor in order to enter into a reaffirmation agreement. As this court and most other bankruptcy judges who have addressed this issue have held, the Bankruptcy Code does not contain any provisions authorizing vacation of a discharge under these circumstances. *E.g., In re Smith*, No. 11-35051, (Bankr. N.D. Ohio Feb. 10, 2012) (available on court's website); *In re Stewart*, 355 B.R. at 638-39; *In re Nichols*, Case No. 10-01323, 2010 Bankr. LEXIS 4019, *5 (Bankr. N.D. Iowa, Nov. 29, 2010)(surveying various Bankruptcy Code provisions, court concludes that "[t]here is no bankruptcy code provision allowing debtors to set aside the discharge, or allowing discharges to be set aside to reaffirm a debt."); *In re Clark*, Case No. 8-10-73746-reg, 2010 Bankr. LEXIS 4964, *12-*14 (Bankr. E.D. N.Y. Dec. 21, 2010); *cf.* 11 U.S.C. § 727(d), (e).

Given the comprehensive statutory framework for both reaffirmation agreements and Chapter 7 discharges, invocation of equity as a basis for the relief requested by Debtor is unavailing. *Stewart*, 355 B.R. at 638-39. *But see In re Edwards*, 236 B.R. 124 (Bankr. D.N.H. 1999). This is particularly so in light of the Supreme Court's recent reemphasis in *Law v. Siegel* that equity cannot be used in bankruptcy cases to overcome plain, unambiguous[1] statutory provisions. This fundamental principle constrains the court from looking to equity and § 105(a) as authority to vacate Debtor's discharge, no matter how well-intentioned the reasons presented for doing so.

Nor does Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure, provide authority for relief in this instance. Rule 60(a) does not apply because there was no mistake made by the court in entering the discharge. The *Edwards* case adopts the standards of Rule 60(b)(6) to vacate a discharge order for the purpose of allowing an enforceable reaffirmation agreement, albeit cautioning that it "will not ordinarily vacate discharge orders for the purpose of allowing enforceable reaffirmation agreements." *Edwards*, 236 B.R. at 128. Debtor's argument would arguably bring this case within the rationale of *Edwards* and application of Rule 60(b). *But cf. Pioneer Inv.*

---

[1]Although not argued by Debtor, there is an argument that there is a statutory ambiguity in terms of the timing requirements for making reaffirmation agreements that arises in the third sentence of § 524(d) when compared with § 524(c). The court does not find such an ambiguity, and is persuaded by the thoughtful analysis of this issue in *In re Kirk*, No. 7-13-13269, 2014 Bankr. LEXIS 1169, 2014 WL 1248040 (Bankr. D.N.M. Mar. 24, 2014).

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993)(clients held responsible for any acts and omissions of their chosen counsel in bankruptcy rule deadline reprieve analysis).

The court disagrees that Rule 60(b)(6) (or Rule 60(b)(1) for that matter) can be used in these circumstances. Much more persuasive analyses of this issue outlining this court's view include *In re Bellano,* 456 B.R. 220 (Bankr. E.D. Pa. 2011)*, In re Williams*, No. 11-00761, 2012 Bankr. Lexis 1022, 2012 WL 843210 (Bankr. D.D.C. Mar. 12, 2012) and *In re Kirk,* No. 7-13-13269, 2014 Bankr. LEXIS 1169, 2014 WL 1248040 (Bankr. D.N.M. Mar. 24, 2014). The court in *Bellano* cites *Edwards* as a leading case for the minority view that Rule 60(b)(6) authorizes relief from the discharge injunction under certain extraordinary circumstances, nevertheless rejecting its analysis, as does this court. Overall this court finds persuasive the reasoning of the majority of other courts that have addressed this issue, as fairly represented by the cases cited above.

There being no authority in the Bankruptcy Code or the Bankruptcy Rules supporting vacation of Debtor's discharge under the circumstances described by Debtor should the court adopt them as findings of fact, no relief can be afforded to Debtor by reopening her case and providing after the fact for an extended deadline for filing reaffirmation agreements. They will not be enforceable under § 524(c)(1) whether filed or not because they will not have been made before her discharge and there is no basis to vacate it. As there is no effective relief that the court can afford to Debtor if this case is reopened as she requests,[2] the court will deny the Motion.

Based on the foregoing reasons and authorities and as stated by the court on the record at the hearing,

**IT IS THEREFORE ORDERED** that Debtor's Motion to Reopen Chapter 7 Case for the Purpose of Filing Reaffirmation Agreements [Doc. # 16] be, and hereby is, **DENIED.**

###

---

[2]Debtor is permitted to voluntarily repay any debt notwithstanding her discharge and whether the case is reopened or not. 11 U.S.C. § 524(f).